# Yocum *v.* Philadelphia & West Chester Traction Company, Appellant.

*Negligence—Street railways—Station—Passenger—Falling down stairway.*

In an action by a woman passenger against a street railway company to recover damages for personal injuries the case is for the jury, and a verdict and judgment for plaintiff will be sustained, where the evidence tends to show that the plaintiff at a station descended a flight of steps to the train floor, that when she reached this floor she faced two exits one of which opened on to the train shed, and the other on a dark stairway to the cellar, and that going through the open doorway to the cellar she fell and injured herself.

In such a case a jury might well find that a stairway so easily accessible by the public, and so manifestly dangerous as the one into which plaintiff fell, should be protected either by having the door locked for employees' use only, or so well lighted as to advise strangers that it was not an exit to the street or platform.

Argued Oct. 10, 1918. Appeal, No. 73, Oct. T., 1918, by defendant, from judgment of Municipal Court, Philadelphia Co., Dec. T., 1916, No. 398, on verdict for plaintiff in case of Fredericka A. Yocum v. Philadelphia & West Chester Traction Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before CRANE, J.

Verdict and judgment for plaintiff for $1,200. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*David J. Smyth,* with him *Wm. I. Schaffer,* for appellant.

*Charles F. Eggleston,* for appellee.

OPINION BY ORLADY, P. J., December 12, 1918:

The only assignment presented for our consideration, is that the court erred in refusing to affirm the defendant's point. "Under all the evidence in the case the verdict must be for the defendant."

The plaintiff, a woman 74 years of age, had been a passenger on the defendant's trolley road, and went to its offices in the 69th street terminal in search of a lost umbrella. These offices were situate on the third floor of the building, and in returning down the stairs to the first floor, at the last flight she faced two exits. In her attempt to get to the train shed she entered an open doorway, slipped and fell down a dark stairway to the cellar, where she was found by an employee after she had received substantial injuries. Her testimony is very positive as to her efforts to get to the train shed landing, and taken in connection with the testimony of the defendant's

witnesses and the photographic exhibits of her surroundings, presented to her a confusing situation. All the facts were submitted in an adequate charge to the jury. While contradicted in some particulars, her testimony as to the controlling facts was sufficiently credible to induce belief by the jury.

After a careful review, we cannot say that the verdict is so manifestly against the weight of the evidence that another trial should be granted. A jury might well find, that a stairway so easily accessible by the public and so manifestly dangerous as the one into which she fell, should be protected either by having the door locked for employees' use only, or so well lighted as to advise strangers that it was not an exit to the street or platform.

The judgment is affirmed.